UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CAITLIN MIXON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. _____ |
| | : | |
| | : | |
| JASON A. CRAIG & | : | |
| ASSOCIATES, P.C. | : | |
|     Defendant. | : | |

## COMPLAINT

COMES NOW YOUR PLAINTIFF Caitlin Mixon and files her Complaint for Damages against the Defendant named above and shows the following:

## NATURE OF THE ACTION

1.  This is an action against the Defendant for its willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"). Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the FDCPA which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

## JURISDICTION, PARTIES, AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

6. Plaintiff is a natural person residing in Dooly County, Georgia.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

8. Defendant Jason A. Craig & Associates, P.C. (hereinafter "Defendant") is a collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Summons and Complaint may be served on Defendant by service on their registered agent Wanda Deen, located at Defendant's registered address in this state, 1813 Edwina Drive, Vidalia, Georgia 30474.

10. Defendant was in fact doing business in this state at all times relevant to this action through its various collection efforts.

11. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in this judicial district.

## FACTS GIVING RISE TO THIS COMPLAINT

12. Sometime prior to September 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) with Crisp Regional Hospital in Cordele, Georgia.

13. Plaintiff was unable to obtain an itemized bill from Crisp Regional Hospital.

14. Plaintiff was in excruciating pain at the time she incurred the obligation at Crisp Regional Hospital and remains unsure, to this date, of what procedures she actually underwent.

15. Plaintiff provided Crisp Regional Hospital with an updated driver's license at the time she was treated with her updated address. Nevertheless, Crisp

Regional Hospital used a prior address and sent all invoices, bills, and dunning letters to an address where Plaintiff would not receive them.

16.  Because Plaintiff never received any invoices and bills from Crisp Regional Hospital, she defaulted on her obligation to Crisp Regional Hospital.

17.  Defendant was hired to collect Plaintiff's defaulted account on behalf of Crisp Regional Hospital.

18.  Defendant is a law firm consisting of a single attorney and various support staff.

19.  Defendant's principle business is the collection of defaulted consumer debt and Defendant is thus a debt collector.

20.  Defendant acquired Plaintiff's account after the account had been identified as in default.

21.  On or about September 22, 2016, Defendant contacted Plaintiff in an attempt to collect a consumer debt by sending a dunning letter to Plaintiff.

22.  A true and accurate copy of the September 22, 2016 dunning letter is attached hereto as Exhibit "A."

23.  Defendant's September 22, 2016 dunning letter is styled as a "CREDIT BUREAU NOTIFICATION" and asserts Defendant may (or may have already) list Plaintiff's debt with Crisp Regional Hospital on Plaintiff's credit reports.

24. Defendant's September 22, 2016 dunning letter then informs Plaintiff "[t]o ensure this debt is not listed on your credit, or to have this debt removed from your credit, contact [Defendant's] office."

25. Defendant did not report the account at issue to any consumer reporting agency.

26. Defendant was not authorized to report the account at issue to any consumer reporting agency.

27. Defendant does not control and did not control how the current creditor reported the account at issue to any consumer reporting agency.

28. Defendant intentionally misled Plaintiff regarding her rights with regard to disputing information with any consumer reporting agency.

29. Defendant intentionally misled Plaintiff in an effort to obtain a quick payoff on an aged account without regard to Plaintiff's rights.

30. Defendant intentionally misleads consumers (like Plaintiff) regarding their rights to dispute any inaccurate information with the consumer reporting agencies in an effort to ensure consumers contact Defendant so that Defendant's employees can engage in high pressure techniques to obtain settlements.

31. Defendant intentionally misleads consumers (like Plaintiff) by falsely implying Defendant is a firm composed of multiple attorneys in violation of federal law and the Georgia Bar Rules.

32. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f. Specifically, Defendant violated these provisions by creating the false impression Defendant consisted of multiple attorneys in an effort to scare Plaintiff, creating actual confusion with regard to Plaintiff's rights under the Fair Credit Reporting Act, threatening to take an action Defendant did not intend to take and was not authorized to take, and otherwise engaging in deceptive behavior the purpose of which was to harass the Plaintiff.

## DAMAGES

33. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

34. The above-detailed conduct by this Defendant (and its agents) of harassing Plaintiff to collect this debt was a violation of numerous and multiple provisions of the FDCPA.

35. Plaintiff has suffered actual injuries the FDCPA seeks to prevent including (without limitation) an invasion of a statutory right and undue stress.

36. Plaintiff has Article III standing to bring these claims against the Defendant.

## Count I– Violations of the FDCPA

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. By reason of the foregoing, Defendant and its agent's actions and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

40. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

41. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $350.00.

42. Plaintiff is entitled to recover her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## Count II – Negligence

43. Paragraphs 1 through 42**Error! Reference source not found.** are incorporated herein by reference.

44. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Plaintiff's damages as alleged herein.

45. Defendant had duties under Georgia and federal law to treat Plaintiff fairly and in a manner that was not abusive.

46. Defendant breached those duties as alleged herein.

47. Defendant's conduct and omissions are the proximate cause of the damages suffered by Plaintiff in an amount to be determined by the trier of fact.

## Demand for a Jury Trial

48. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $350.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted September 5, 2017.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

                                  /s/ Ronald Edward Daniels
                                  Ronald Edward Daniels
                                  Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

                                  ATTORNEYS FOR PLAINTIFF